[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15808
The parties entered into an agreement under a insurance policy to proceed to arbitration for a loss resulting from a fire on March 6, 1999. Each of the parties appointed their appraiser and when they failed to agree as to the third appraiser, the court appointed Colin Taylor as the umpire. The defendant ("Bethune") in the application to proceed to arbitration, appointed a duly licensed Real Estate Appraiser Frederick E. Kamp, Jr. ("Kamp").
The applicant Nautilus Insurance Company ("Nautilus") appointed Richard. J. McKenna ("McKenna") who is not a duly licensed Real Estate Appraiser, has acted as a claims adjuster for insurance companies for about thirty years and who now is the president of an adjusting firm. The defendant, in opposition to the suggested umpire before the court appointed Real Estate Appraiser, Taylor, asserted that McKenna was trying to bully him and ensure a predetermined finding by selecting his own umpire who likewise was not a licensed Real Estate Appraiser (See objection dated March 3, 2000 and order of court dated 5/10/00 pleading number 102).
Taylor testified he met with both appraisers at the property. He received material from both sides and discussed the material. Kamp provided his Real Estate Appraisal (Exhibit 7) arriving at a value of $75,000. McKenna provided Taylor with a third party appraisal that the fair market value was $55,000. (See Exhibit 3 John Gaudioso Appraisal). Nautilus argues that Taylor gave consideration to a market value appraisal and failed to give consideration in finding actual cash value loss disregarding the obligation to follow the broad evidence rule in finding actual cash loss. Nautilus without merit accuses Taylor of partiality and that the umpire exceeded or imperfectly executed his powers by making only a market value opinion.
Taylor submitted his arbitration decision (Exhibit A) wherein he states that the plaintiff and defendants provided appraisals to them with differing estimates of market value. "The differences appear to be the result of opinion related to condition of improvements prior to the loss by fire dated March 6, 1999". Taylor noted that the two appraisals indicate the improvements to be average condition needing no majorrepairs. Taylor confirms and agrees with the "market value" developed by the defendant appraiser of $75,000 as being well supported and reasonable. Further the building violations sought to be included by McKenna were not proven to be there at the time of the fire.
The defendants argue when arbitration is consensual (as in this case) CT Page 15809 and the parties have not restricted the scope of the arbitrators authority, "the resulting award is not subject to de novo review even for errors of law, so long as the award conforms to the submission. (Citations omitted)
The court confirms the award of $75,000 the value of the Kamp appraisal and the confirmation by the umpire Taylor.
Frank S. Meadow, J.T.R.